# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GOODSON,<br><br>　　　　　　Plaintiff,<br>　vs.<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 07cv1146 BTM (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** |

Plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART.**

## I. BACKGROUND

In this action, Plaintiff sought judicial review of the Commissioner's denial of his application for Supplemental Security Income Payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. In an order dated September 26, 2008, the Court granted in part and denied in part Plaintiff's motion for summary judgment and denied Defendant's cross-motion for summary judgment. On December 8, 2008, the Clerk entered judgment in favor of Plaintiff.

On March 8, 2009, Plaintiff filed the instant motion for attorney's fees under the Equal

Access to Justice Act ("EAJA").

## II. DISCUSSION

The EAJA entitles a prevailing party, other than the United States, to attorney's fees unless the government's position was substantially justified or special circumstances exist that render the award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff is the "prevailing party," nor does Defendant contend that the Government's position was substantially justified. Rather, Defendant only argues that Plaintiff counsel's claimed hours are excessive and unreasonable.

The award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded form an award of fees. Id. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)(emphasis in original)).

Plaintiff seeks fees based on an hourly rate of $172. Defendant does not challenge the reasonableness of this hourly rate. The Court finds that the hourly rate is reasonable and fairly takes into account the relevant cost of living adjustment.[1]

Plaintiff's counsel billed 58.76[2] hours in connection with the litigation of this action and the preparation of her EAJA fee motion. Defendant does not dispute 19.91 hours that Plaintiff includes in her schedule ($3,424.52). Defendant, however, challenges other entries on Plaintiff's counsel's billing schedule because: (1) entries constituting purely clerical work not

---

[1] The EAJA provides that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. The hourly rate claimed by Plaintiff fairly reflects the cost of living adjustment for the time period in question.

[2] Plaintiff's counsel's Motion indicates that she billed 54.64 hours total. However, the Court's calculations indicate that Plaintiff's individual billing entries add up to 58.76 hours.

requiring attorney expertise are improper; (2) Plaintiff's attorney spent unnecessary and excessive time preparing to write her motion for summary judgment; (3) entries billing time for preparing for a reply brief never filed are improper; (4) Plaintiff's attorney spent unnecessary and excessive time reviewing the favorable decision of this Court granting in part and denying in part summary judgment; (5) entries relating to Plaintiff's unopposed motion for entry of judgment do not relate to the merits and are improper to assess against Defendant; (6) Plaintiff's attorney spent excessive time preparing her billing schedule; and (7) Plaintiff's attorney spent excessive time preparing her EAJA application.

A.  Clerical Work

Defendant argues that Plaintiff is not entitled to 3.62 hours of work he defines as clerical. The act of filing with the court is secretarial and should not be compensated. However, it is proper for an attorney to ensure that papers have been properly filed – e.g., by reviewing the docket or the notice of electronic filing. However, the Court agrees that Plaintiff's counsel billed an excessive amount of time for reviewing the notices of electronic filing (as opposed to the time spent reviewing substantive underlying documents). Although Plaintiff's attorney appears to have billed the smallest increment of time allowed by her billing system for reviewing each notice, the cumulative time billed is excessive. It takes only a few seconds to review a notice of electronic filing. Therefore, the Court will allow .25 hours total for review of the notices of electronic filing of the Complaint [Docket No. 1] (6/26/07), Plaintiff's cross-motion for summary judgment [Docket No. 15] (12/08/07), the motion for leave to proceed in forma pauperis [Docket No. 2] (6/26/07), the notice of appearance of Sarah L. Ryan [Docket No. 9] (9/06/07), the notice of appearance of Elizabeth Frier [Docket No. 18] (1/16/08), the joint motion to extend time to respond [Docket No. 19] (2/04/08), and the four summons executed by Plaintiff and filed with the Court [Docket Nos. 5, 6, 7, and 8] (7/05/07, 8/09/07, 8/10/07, 8/16/07).

Defendant also challenges as clerical the time Plaintiff's attorney spent reviewing orders of the Court. Review of court orders is reasonable. Thus, the Court will allow .08 of

an hour spent reviewing each of the Court's two orders on the parties' joint motions to extend time [Docket 17, 22] (1/02/08, 2/12/08).  The Court allows .08 of an hour for time spent reviewing the Court's order granting the Plaintiff's motion to proceed in forma pauperis [Docket No. 3] (7/03/07).  The Court also allows .16 of an hour for the time counsel spent reviewing Docket No. 23 and inquiring with the Court about it.

The Court will allow .08 of an hour for review of each of the following items: (1) correspondence package from the Clerk of Court re: summons and service (7/15/07); (2) correspondence regarding the U.S. Marshall's notice of service (8/10/07, 8/12/07); and (3) the district court's letter regarding proceeding in forma pauperis [Docket No. 4] (7/03/07). Thus, the Court disallows .26 hours billed in connection with these items.

The time counsel spent preparing, reviewing, editing and signing the U.S. Marshall forms and accompanying documents is also reasonable. The Court allows the .33 of an hour billed by Plaintiff's attorney for these tasks.  The Court finds reasonable and allows  the .08 of an hour Plaintiff's attorney spent reviewing, editing, and signing the certificate of service (12/07/07).

Defendant also challenges as clerical other miscellaneous phonecalls from Plaintiff's counsel to his client.  The Court finds that the time Plaintiff's attorney spent communicating with his client was not clerical and was reasonable.  Thus, the Court allows the .50 of an hour that Plaintiff's attorney billed for miscellaneous phonecalls with her client (8/06/07, 8/09/07, 1/02/08).

Additionally, the time Plaintiff's attorney spent editing, reviewing, and signing the complaint and civil cover sheet does not qualify as clerical.  The Court finds reasonable and billable the .58 of an hour Plaintiff's attorney spent on these tasks (6/25/07).

Defendant finally challenges as clerical time Plaintiff's counsel spent reviewing case documents and the electronic file history on 6/15/08.  It is unclear for what purpose Plaintiff performed these tasks, as the parties were still awaiting the Court's order on their motions for summary judgment at that time.  Thus, the Court disallows the .25 of an hour Plaintiff's attorney billed for these tasks.

In summary, the Court disallows a total of 1.24 hours of Plaintiff's attorney's billed hours as unreasonable clerical work.

B.   <u>Motion for Summary Judgment</u>

Defendant does not challenge the 13.00 hours that Plaintiff' attorney billed for drafting and writing Plaintiff's motion for summary judgment. Defendant argues, however, that the 14.08 hours Plaintiff's counsel spent preparing to write her brief was excessive. The Court agrees in part.

Plaintiff's attorney did not represent him at the administrative level and the administrative record in this case was 205 pages. The Court finds reasonable the 4.83 hours the Plaintiff's counsel billed for reviewing the hard copy and electronic versions of the record.

Plaintiff's counsel's billing record also shows that she spent 2.25 hours discussing appealable issues with an attorney colleague on 6/25/07 and then spent 3.5 hours reviewing the case transcript, case law, and appealable issues on 11/11/07. The Court finds that this was an excessive amount of time for Plaintiff's counsel, an experienced Social Security attorney, to research and determine the appealable issues in the case. The Court allows Plaintiff's counsel 3.5 hours total for determining the appealable issues in the case. Thus, the Court disallows 2.25 hours.

Defendant also challenges as excessive the 2 hours Plaintiff's counsel spent preparing an outline of the appealable issues and supporting evidence prior to drafting her motion. The Court finds this period of time reasonable.

In summary, the Court disallows a total of 2.25 hours in connection with Plaintiff's attorney preparing to write her motion for summary judgment.

C.   <u>Reply Brief</u>

Defendant also claims that Plaintiff's counsel should not be able to recover for the 5 hours she billed in connection with a reply brief that she never filed. It was reasonable for Plaintiff's counsel to review Defendant's cross-motion for summary judgment and conduct

research in order to determine whether she should file a reply brief.  However, five hours is excessive.  The Court allows Plaintiff's counsel to recover 4 hours for research and analysis related to whether she should file a reply.  Thus, the Court disallows 1 hours.

D.   <u>Order Granting Summary Judgment</u>

Defendant argues that the 3.5 hours Plaintiff's counsel spent on 9/30/08 reviewing the order of the Court granting in part and denying in part Plaintiff's motion for summary judgment [Docket No. 24] was  excessive, since the Court's decision was primarily favorable to Plaintiff.  It was reasonable for Plaintiff's counsel to spend time reviewing the Court's order to determine which issues the Court remanded to the administrative level and to assess whether the Court's decision, insofar as it denied summary judgment in part, was appealable. However, because the Court's decision was relatively brief (9 pages) and largely favorable to Plaintiff, the Court will allow only 1 hour for review of this decision.  The Court therefore disallows 2.5 hours for review of its September 26, 2008 order.

E.   <u>Motion for Entry of Judgment</u>

Defendant contends that the Court should disallow the 1.9 hours Plaintiff's counsel spent researching, preparing, editing and writing her motion for entry of judgment (12/1/08; 12/3/08; 12/4/08, 12/5/08/, 12/8/08).  Defendant argues that because this motion does not relate to the merits of Plaintiff's claim, the Court should not allow Plaintiff's attorney to recover fees for it pursuant to the EAJA.

Plaintiff made a motion for entry of judgment because, in its September 26, 2008 order granting in part and denying in part Plaintiff's motion for summary judgment and remanding the case to the Commissioner for further proceedings, the Court neglected to order the Clerk to enter judgment. This appears to have been an oversight on the part of the Court. Defendant did not oppose Plaintiff's motion.  Given the lack of opposition, a joint motion to enter judgment taking one hour of time would have sufficed.

Therefore, the Court disallows the .9 of an hour in connection with Plaintiff's motion

for entry of judgment.

### F. <u>EAJA Fee Motion</u>

Defendant argues that Plaintiff's counsel billed excessive hours in connection with preparing her EAJA fee motion. First, Defendant alleges that it was excessive for Plaintiff's attorney to bill 4 hours for preparing her billing sheet (1/30/09; 1/31/09). The Court will allow 3 hours for Plaintiff's counsel's review of time records and logs to prepare and itemize a billing sheet. Counsel was required to carefully review her records to determine which tasks were properly charged to her client and to confirm that the descriptions and time entries were accurate and did not reveal any privileged information. The 3.17 hours that Plaintiff's counsel billed for the preparation of the rest of the fee motion was also reasonable. Therefore, the Court disallows 1 hour billed in connection with Plaintiff's EAJA fee motion.

Other than the hours disallowed by the Court above, the Court finds the hours billed by Plaintiff's counsel to be reasonable. Taking into account the reductions detailed above, the Court allows the recovery of 49.87 hours at the rate of $172/hour, for a total award of $8,577.64.

### III. <u>CONCLUSION</u>

For the reasons discussed above, Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Plaintiff $8,577.64 in fees, to be paid directly to Plaintiff's counsel.

**IT IS SO ORDERED.**

DATED: September 28, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge